UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HILLSMAN MODULAR MOLDING, INC.,

    Plaintiff,

-vs-.            Case No.  6:02-cv-1493-Orl-28JGG

HILLTECH CUSTOM INJECTION
MOLDING, INC., WILLIAM HILL,

    Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration after oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES (CONTAINED WITHIN MOTION FOR DEFAULT JUDGMENT) (Docket No. 38)** |
| **FILED:** | **July 30, 2004** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

I. **Procedural Background**

  On December 13, 2002, the Plaintiff, Hillsman Modular Molding, Inc. ("Hillsman"), filed suit against the Defendants, Hilltech Custom Injection Molding, Inc. ("Hilltech Custom") and William Hill, for alleged infringement on their copyrighted marks. Docket No. 1. On January 3, 2003, the Defendants filed an Answer to the Complaint. Docket No. 4. Eventually, however, the Defendants abandoned their defense of the case, and on July 21, 2004, the Honorable John Antoon II struck the

Answer as a sanction for Hill's failure to appear for a deposition. Docket No. 37. Hillsman then moved for default judgment, seeking among other items the attorneys' fees it had incurred in prosecuting the case. Docket No. 38 at 2. On August 5, 2004 Judge Antoon referred the attorneys' fee issue to the undersigned. Docket No. 39. On October 13, 2004, the Court held an evidentiary hearing on the issue. Docket No. 48. Hillsman subsequently provided additional evidence and supplemental authority regarding its entitlement to fees. Docket No. 50.

## II.    Legal Standards

Hillsman seeks to recover its reasonable attorney's fees pursuant to both the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and Florida's Uniform Trade Secrets Act (the "FTSA"), Fla. Stat. §§ 688.001 *et seq.* The Lanham Act provides, in pertinent part, that the "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Lanham Act does not define "exceptional case". However, the United States Court of Appeals for the Eleventh Circuit has stated that an exceptional Lanham Act case is one that can be characterized as "malicious, fraudulent, deliberate and willful" or one in which evidence of fraud or bad faith exists. *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1336 (11th Cir. 2001). The FTSA provides in pertinent part that the court may award reasonable attorney's fees to the prevailing party if "willful and malicious appropriation exists." Fla. Stat. § 688.005.

## III.   Application

Hillsman offers three bases for its contention that the Defendants' infringement was "malicious, fraudulent, deliberate and willful" so as to justify an award of attorney's fees under the Lanham Act. First, Hillsman cites to "the Swim Affidavit", in which former Hillsman employee Rod Swim recounts conversations with William Hill in which Hill — himself a former Hillsman employee

-2-

— allegedly discussed a desire to "steal" Hillsman customers and, in other conversations, in which Hill indicated that he would not comply with Hillsman's requests to cease competing unfairly by using its marks. Docket No. 29 at 36. Even if accepted as true, neither of these hearsay statements suggests that the instant case is exceptional in Lanham Act terms. There is nothing untoward in trying to acquire customers away from a competitor, even if one calls it "stealing". And Hill's refusal to bow to Hillsman's demands could just as easily indicate honest disagreement as malicious or fraudulent infringement. (Indeed, if Hill had agreed to stop using the name "Hilltech", Hillsman would likely now be arguing that the agreement was an admission as to his previous, deliberate infringement.)

Hillsman also argues that the striking of the Defendants' pleadings as a discovery sanction supports a designation of exceptionality under 15 U.S.C. § 1117. In support of this contention, Hillsman cites *RIO Properties, Inc. v. RIO International Interlink*, 284 F.3d 1007 (9th Cir. 2002). In that case, the district court entered a default judgment as a discovery sanction against the defendant and, citing the defendant's "reprehensible conduct and bad faith", directed it to pay reasonable attorney's fees to the plaintiff. *Id.* at 1013. On appeal, the defendant argued that the district court erred by not making an explicit finding that the case was "exceptional" in Lanham Act terms, and thus no fees could be awarded under 15 U.S.C. § 1117. *Id.* at 1023. The United States Court of Appeals for the Ninth Circuit stated that in entering the default judgment, the district court had determined that — as alleged in the complaint — the defendant's actions were committed "knowingly, maliciously, and oppressively, and with an intent to . . . injure [the plaintiff]". *Id.* The appellate court then stated that it could not find that the award of attorney's fees was an abuse of discretion. *Id.*

Hillsman argues that it alleged, in the Complaint, that the Defendants' actions were intentional, fraudulent, willful, misleading, and malicious; that the entry of a default judgment establishes these

"uncontroverted statements" as true; and that therefore this is an "exceptional" Lanham Act case. It is true that a defendant, by defaulting. "admits the plaintiff's well-pleaded allegations of fact". *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] But these are not mere allegations of fact. The question of whether, for example. the Defendants' actions were "malicious" — and. more particularly. whether they were "malicious" so as to justify a finding of exceptionality under 15 U.S.C. § 1117 — is a conclusion of law. A defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu* at 1206. Consistent with *RIO Properties*, this Court *could* conceivably conclude that the well-pleaded facts in the Complaint demonstrated maliciousness and. therefore. exceptionality under the Lanham Act. However. contrary to the Plaintiff's contention, the Court is not compelled to do so by reason of the default.

Hillsman makes similar arguments  regarding its entitlement to attorney's fees under the FTSA, contending that Hill's announcement of his intent to "steal" Hillsman's customers and his refusal, once warned. to discontinue using the infringing marks demonstrate willfulness and malice — the standards for fee awards under that statute. Hillsman also argues that the facts alleged in the Complaint, taken as true. establish  willfulness and malice.  The Court finds these arguments unpersuasive for the reasons already articulated above.

Moreover. attorney's fee award under both the Lanham Act and the FTSA are discretionary. permitting (but not requiring) a court to award attorney's fees under certain circumstances. *See* 15

---

[1] In *Bonner v. City of Prichard*. 661 F.2d 1206 (11th Cir. 1981). the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30. 1981.

U.S.C. § 1117 ("the court . . . may award reasonable attorney's fees") *and* Fla. Stat. 688.005 ("the court may award reasonable attorney's fees"). Even if those certain circumstances had been found to exist. the Court would exercise its discretion to decline to award fees in this case. Therefore. it is

**RECOMMENDED** that the motion for attorney's fees. contained within the Motion for Default Judgment (Docket No. 38) be **DENIED.**


Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando. Florida on November 30. 2004.


James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy