UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HILLSMAN MODULAR MOLDING, INC.,

    Plaintiff,

-vs-                                        Case No. 6:02-cv-1493-Orl-28JGG

HILLTECH CUSTOM INJECTION
MOLDING, INC., WILLIAM HILL,

    Defendants.
_____

# ORDER

This cause is before the Court on the objection of Plaintiff Hillsman Modular Molding Inc. to United States Magistrate Judge James G. Glazebrook's recommendation that Plaintiff's unopposed motion for attorney's fees be denied. Doc. 38. The Magistrate Judge determined that an award of attorney's fees was not appropriate because the Lanham Act violations of Defendants Hilltech Injection Molding, Inc. and William Hill were not "exceptional." Doc. 50 (relying on 15 U.S.C. § 1117(a) ("The court in *exceptional* cases may award reasonable attorney fees to the prevailing party") (emphasis added))). Plaintiff initially argued that, contrary to the Magistrate Judge's recommendation, the affidavit of Rod Swim ("Swim Affidavit") (Doc. 51, Ex. A) "conclusively establishe[d]" the exceptionality of Defendants' violations. This Court has already rejected that contention. However, Plaintiff has since submitted supplemental evidence which, combined with the evidence initially presented to the Magistrate Judge, adequately demonstrates that Defendants' Lanham Act violations were exceptional.

A *de novo* hearing on Plaintiff's objection was held on April 12, 2005. At the hearing, Plaintiff presented copies of e-mails indicating that Defendants arranged to have Plaintiff's website address rerouted to their own through various search engines.[1] The apparent object of the rerouting, as Plaintiff has argued, was to direct Plaintiff's prospective customers to Defendants' website. See Doc. 58 at 2-3. Once customers were rerouted from the *Hillsman* to the *Hilltech* website, the prospect of their knowing what had occurred was presumably lessened by the similarity in the names of the two companies. This evidence, particularly when considered along with the Swim Affidavit, sufficiently demonstrates that Defendants acted in bad faith and, therefore, that their violations of the Lanham Act were exceptional. See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1336 (11th Cir. 2001) ("[A]n 'exceptional case' is one . . . in which 'evidence of fraud or bad faith' exists.'") (citation omitted). In accordance with this finding, it is determined that Plaintiff is entitled to an award of attorney's fees.

Another issue which arose at the hearing on Plaintiff's objection was the reasonableness of Plaintiff's claim of $61,261.36 in attorney's fees. The Court's concerns included, but were certainly not limited to, $4,100 in fees claimed for 41 hours worth of work performed by law students. Plaintiff has since agreed to redact the $4,100.00 from its original claim. Nevertheless, it remains to be determined whether there is an adequate basis for Plaintiff's adjusted claim of $57,261.36 in a case in which Defendants did little more

---

[1] Per the Court's request, Plaintiff also filed supplemental evidence on this issue which sufficiently shows that the rerouting scheme was done at the behest of Defendants. Doc. 58.

than answer the complaint. This issue is referred to the Magistrate Judge for additional consideration.

In accordance with the foregoing, it is **ORDERED** as follows:

1. Plaintiff's Objection to Magistrate's Report and Recommendation (Doc. 38) is **GRANTED**.

2. The determination of Plaintiff's attorney's fees award is referred to the Magistrate Judge.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this __28__ day of April, 2005.

```
JOHN ANTOON II
United States District Judge
```

Copies furnished to:
Counsel of Record
Unrepresented Party